UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **BIRCH REA PARTNERS INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cv-00387-SLC |
| | ) | |
| **RANDOLPH BROMBACHER,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Before the Court is a joint motion to dismiss (ECF 19) and accompanying memorandum in support thereof (ECF 20) filed by Defendants on November 7, 2019.  Plaintiff filed a response (ECF 23) and accompanying brief (ECF 24) on November 27, 2019, to which Defendants replied on December 11, 2019 (ECF 27).  Accordingly, the matter is fully briefed and ripe for adjudication.  For the following reasons, Defendants' motion (ECF 19) is GRANTED and this case is DISMISSED.[1]

*A.  Background*

On July 7, 2016, Regent Bank, who is not a party to this action, filed a lawsuit ("Underlying Action") against Birch|Rea Partners, Inc. ("Birch|Rea"), alleging that Birch|Rea committed professional negligence, negligent misrepresentation, constructive fraud, and breach of contract by preparing a property appraisal for nonparty Suntrust Bank to be used in securing a mortgage loan from PNC Bank.  (No. 1:16-cv-00262-TLS-SLC [hereinafter Underlying Action],

---

[1] The undersigned magistrate judge has jurisdiction to issue this opinion pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule 72-1 due to the parties' consent.  (ECF 26).

ECF 1; *see also* Underlying Action, ECF 23 at 3-4).[2]  Regent Bank brought the suit as PNC Bank's successor in interest, having purchased the loan.  (Underlying Action, ECF 1 ¶ 2).  On May 25, 2016, prior to the initiation of the Underlying Action, counsel for Birch|Rea sent a letter to counsel for Regent Bank, Randolph M. Brombacher—who is also a Defendant in the present case—stating that Birch|Rea would seek to hold "[Brombacher] and [his] client accountable for filing of [what it saw as] frivolous litigation."[3]  (ECF 1-10).  Despite surviving a motion to dismiss (*see* Underlying Action, ECF 14, 23), Regent Bank eventually voluntarily moved to dismiss the case with prejudice, which the Court granted (Underlying Action, ECF 32, 33).

On February 13, 2018, Birch|Rea brought suit ("Bank Action") in the Southern District of Florida against Regent Bank, alleging that Regent Bank committed the tort of malicious prosecution by initiating the Underlying Action knowing that its claims were frivolous.  (No. 1:18-cv-00030-HAB-SLC [hereinafter Bank Action], ECF 1).[4]  The matter was subsequently transferred to the Northern District of Indiana, where it remains pending.  (*See* Bank Action, ECF 4).  In the Bank Action, on November 1, 2018, Birch|Rea sought the Court's leave to amend its complaint to assert claims against the attorneys who had represented Regent Bank during both

---

[2] As filings in previous cases are considered public record, the Court is permitted to take judicial notice of their contents without converting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 to a motion for summary judgment pursuant to Rule 56.  *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019) ("We may also take judicial notice of matters of public record and consider documents incorporated by reference in the pleadings." (citing *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017)).

[3] Birch|Rea filed this letter, and multiple other documents, as exhibits to its complaint in this case.  As to the letter, Birch|Rea refers to it throughout its complaint and response to the motion to dismiss.  Similarly, Defendants rely on the letter in their reply.  Accordingly, both parties appear to concede that the letter is authentic and central to Birch|Rea's claims.  Accordingly, the Court may consider it in ruling on the motion to dismiss.  *See Johnson v. Bankers Life & Cas. Co.*, 973 F. Supp. 2d 950, 953 (W.D. Wis. 2013) ("In addition to plaintiff's complaint, the court may consider documents to which the complaint had referred, which are 'concededly authentic' *and* 'central to' the plaintiff's claim." (quoting *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009))).

[4] Birch|Rea also named Stonegate Bank and Home Bancshares, Inc., as defendants in the Bank Action.  (*See* Bank Action, ECF 1).  For ease of reference, though, the Court will simply refer to Regent Bank.

the Underlying Action and the Bank Action—"Saavedra Goodwin, Randolph Brombacher, Rothberg Logan & Warsco LLP and Andrew Palmison." (Bank Action, ECF 50 ¶ 14).

More specifically, Birch|Rea contended that Regent Bank should have known from the face of the initial appraisal—which reflects that it was prepared for use by SunTrust, as well as the relevant Uniform Standards of Professional Appraisal Practice and Office of the Comptroller of the Currency Interagency Appraisal & Evaluation Guidelines—that it could not have relied on Birch|Rea's appraisal when purchasing the mortgage loan. (*Id.* ¶¶ 7-15). Further Birch|Rea contends that Regent Bank was in possession of a later appraisal prepared by First Service PGP Valuation (the "First Service Report"), which Regent Bank relied on instead of Birch|Rea's appraisal when purchasing the mortgage loan. (*Id.* ¶¶ 19-23). According to Birch|Rea, Regent Bank should have been aware that its claims in the Underlying Action were baseless. (*Id.*). Relevant to the present action, Birch|Rea also asserted that Regent Bank's attorneys, the proposed defendants in the Bank Action, were in possession of a report prepared by John Potter of UTE Technology, Inc. (the "Potter Report"), which reviewed and included the initial Birch|Rea appraisal and the First Service Report. (*Id.* ¶¶ 24-27). As such, Birch|Rea contended that Regent Bank's attorneys had an independent basis for knowing that the claims made in the Underlying Action were frivolous prior to filing its complaint. (*Id.*).

The undersigned subsequently denied Birch|Rea's motion to amend in the Bank Action, finding that the motion was untimely under Federal Rule of Civil Procedure 16 and that the proposed amendment would cause the defendants undue hardship—requiring them to retain new counsel, and expanding the length and scope of discovery. (Bank Action, ECF 73, 75). Birch|Rea subsequently objected to the undersigned's ruling and requested review by District Court Judge Holly A. Brady. (Bank Action, ECF 74). On August 13, 2019, Judge Brady

overruled Birch|Rea's objections and affirmed the initial order denying leave to amend. (Bank Action, ECF 79).

On September 6, 2019, Birch|Rea initiated the present action alleging that Defendants—the same attorneys Birch|Rea sought to add as defendants in the Bank Action—engaged in malicious prosecution and abuse of process by filing the Underlying Action. (ECF 1). Birch|Rea again alleged that Defendants were aware that the claims in the Underlying Action were baseless because they had reviewed the First Service Report and the Potter Report. (*Id.*).

Defendants subsequently filed the instant motion to dismiss alleging: (1) the filing of the present action constitutes improper claim splitting, and (2) Birch|Rea failed to plead the requisite malice to support its claims. (ECF 19, 20). Birch|Rea, in response, contends: (1) the doctrine of claim splitting is inapplicable as there are unique parties in the Bank Action and the present action, who are not in privity with each other, and (2) that it successfully pleaded malice. (ECF 24).

### B. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chi.*, 629 F.3d 660, 662-63 (7th Cir. 2011) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if

they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

"Ordinarily, defenses such as res judicata (of which claim preclusion and claim splitting are 'component[s],' *see Alvear-Velez v. Mukasey,* 540 F.3d 672, 678 (7th Cir. 2008)) need not be anticipated in a complaint and cannot be resolved until after the close of pleadings." *Rexing Quality Eggs v. Rembrandt Enters., Inc.*, 392 F. Supp. 3d 965, 967 (S.D. Ind. 2019) (alteration in original), *aff'd*, 953 F.3d 998 (7th Cir. 2020).  But as the Court has all the information needed to rule on the matter, "it may do so without unnecessarily prolonging matters by waiting until after the defendant has filed an answer." *Id.* (citing *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010)).  Further, "a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).

*C.  Analysis*

As an initial matter, the Court must determine the proper law to apply in this matter.  The doctrine of claim splitting is similar to more general principles of claim preclusion, except "courts have applied the doctrine of claim splitting before there is a final judgment in a prior action." *Kim v Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006).  As this Court is currently sitting in diversity, it will apply "the law of preclusion 'that would be applied by state courts in the State in which the federal diversity court sits." *Rexing Quality Eggs*, 392 F. Supp. 3d at 970 (emphasis omitted) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).  Here, the alleged malicious prosecution occurred in a federal court in

5

Indiana. Accordingly, an Indiana state court would likely apply Indiana law. *See Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) ("The presumption is that the law of the place of the tort applies because in a large number of cases, the place of the tort will be significant and the place with the most contacts." (citation and internal quotation marks omitted)). In any event, neither party directly raises a choice of law issue and both cite to Indiana caselaw. Accordingly, the Court will apply Indiana claim-splitting doctrine. *See Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.").

"Indiana bars parties from 'split[ting] a cause of action, pursuing it in a piecemeal fashion, and subjecting a defendant to needless multiple suits.'" *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 850 F.3d 866, 873 (7th Cir. 2017) (quoting *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1048 (Ind. Ct. App. 2011)). While similar to the doctrine of res judicata, which requires a final judgment, "claim splitting is more concerned with the district court's comprehensive management of its docket . . . ." *Rexing Quality Eggs*, 392 F. Supp. 3d at 972 (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). The Seventh Circuit Court of Appeals, in reviewing Indiana claim-splitting doctrine, has noted that "a court should find that a plaintiff split [its] claims when '(1) the second claim is based on the same transaction or occurrence as the first claim and there is (2) an identity of the parties or their privies.'" *Rexing Quality Eggs*, 953 F.3d at 1002 (quoting *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 1:15-cv-01446-RLY-DML, 2016 WL 67297, at *2 (S.D. Ind. Jan. 5, 2016)).

As to the first requirement, a claim arises from the same transaction or occurrence when the claims are supported by "identical evidence" in the sense that "the same general evidence would be used to adjudicate all of [the] claims." *Id.* at 1003 (quoting *Hilliard*, 957 N.E.2d at

6

1047; *see also Wabash Valley Power Ass'n, Inc. v. Rural Electrification Admin.*, 903 F.2d 445, 455 (7th Cir. 1990) (interpreting the identical evidence requirement as "another way of asking whether the two suits deal with a common occurrence").

Here, there is no difficulty in concluding that the present action arises from the same transaction or occurrence as the Bank Action. Both actions seek to punish the same alleged wrong—the initiation of the Underlying Action without probable cause. (*See* Bank Action, ECF 1 ¶ 80; ECF 1 ¶ 113). Further, Birch|Rea's two suits rely on substantially the same evidence— particularly evidence tending to show that Regent Bank, and later its attorneys, were aware that it could not and did not rely on Birch|Rea's initial property appraisal. (*See* Bank Action, ECF 1; ECF 1). Accordingly, the Court will turn its attention to the matter which takes up the bulk of the parties' briefing—whether Defendants are in privity with the defendants in the Bank Action.

"The term privity describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action." *Thrasher, Buschmann, & Voelkel, P.C. v. Adpoint Inc.*, 24 N.E.3d 487, 495 (Ind. Ct. App. 2015) (citing *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010)). "[A]n entity does not have to control a prior action . . . for privity to exist." *MicroVote*, 924 N.E.2d at 196; *see also Becker v. State*, 992 N.E.2d 697, 701 (Ind. 2013) (finding that the Indiana Department of Corrections and local prosecutors were in privity for purposes of res judicata as each share the "same substantial interest" in ensuring a sex offender met registration requirements). However, "[s]omething more than the common objective of attorney and client in obtaining an outcome favorable to the client is necessary to establish privity." *Thrasher*, 24 N.E.3d at 497 (quoting *Rucker v. Schmidt*, 794 N.W.2d 114, 119 (Minn. 2011)). Nevertheless, courts have found under certain instances, that

attorney-client relationships may give rise to privity. *See, e.g., Schroeder v. Meyer*, No. 4:15 CV 40, 2017 WL 1238016, at *5 (N.D. Ind. Mar. 31, 2017) (finding that an attorney and client were in privity when they were "completely aligned in their desire to prove that service [of a state court complaint] was valid").

Birch|Rea, relying on *Thrasher*, contends that Defendants and the Bank Action defendants lack the "something more" required to establish privity. (ECF 24 at 12-13). In particular, Birch|Rea maintains that the defendants in the Bank Action will likely assert an "advice of counsel" defense, negating the requisite malice element of their malicious prosecution claim. (*Id.* at 10-11).[5] Birch|Rea also attempts to distinguish this case from *Telamon*, where the Southern District of Indiana dismissed a complaint pursuant to Indiana's claim-splitting doctrine after the plaintiff brought suit against a defendant despite being denied leave to add the same defendant in a prior suit. 2016 WL 67297, at *4. Birch|Rea emphasizes that the court there found the defendants in the two actions were privies, in part, because they were affiliates and subsidiaries of the same parent organization and notice of loss to one constituted constructive notice of loss to another. (ECF 24 at 10-11 (citing *Telamon*, 2016 WL 67297, at *2)). Similarly, Birch|Rea attempts to distinguish *Schroeder*, noting that the court found that privity was not based solely on the attorney-client relationship, but on the fact that there was a "complete mutual alignment of interests." (*Id.* (citing *Schroeder*, 2017 WL 1238016, at *5)).

---

[5] "The elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005). However, "[i[f the defendant … instituted the original action relying on the attorney's advice he cannot be held liable in a subsequent malicious prosecution suit, even though the attorney's advice was erroneous. *Satz v. Koplow*, 397 N.E.2d 1082, 1086 (Ind. Ct. App. 1979).

What Birch|Rea seems to miss, however, is that the Court in *Schroeder* found that the mutuality of interests existed because the two defendants—an attorney and his former client—sought to prove the same thing. As the Court explained, "[the client] (in the state court case) and [the attorney] (here) are completely aligned in their desire to prove that service [in the underlying lawsuit] was valid." *Schroeder*, 2017 WL 1238016, at *5. Similar concerns are applicable here as both the present Defendants and the Bank Action defendants are attempting to prove the same thing—that the Underlying Action was brought in good faith with probable cause. *See Manicki v. Zeilmann*, 443 F.3d 922, 926 (7th Cir. 2006) ("'Privity' in this context means that because the parties have by virtue of contract or otherwise identical interests, a claim or defense by one is equivalent to a claim or defense by all."). While Regent Bank may yet raise an affirmative defense of advice of counsel in the Bank Action (it did not assert the defense in its answer (*see* Bank Action , ECF 27 at 25)), the Court still finds that Regent Bank has "substantially the same" interest as Defendants here.

Additionally, while the Defendant attorneys were not Regent Bank's subsidiaries like the entities at issue in *Telamon*, the attorneys were Regent Bank's agents. *See Scott v. Randle*, 697 N.E.2d 60, 65 (Ind. Ct. App. 1998) (describing the attorney-client relationship as based on agency principals); *see also Harrison v. Deere & Co.,* 533 F. App'x. 644, 649 (7th Cir. 2013) (holding for purposes of the privity requirement that "[p]arties' interests are often aligned when one party is an agent of the other")*; Garcia v. Vill. of Mt. Prospect,* 360 F.3d 630, 636 (7th Cir. 2004) (holding that a village board was in privity with its agent.).[6]

---

[6] The Seventh Circuit in both *Harrison* and *Garcia* applied Illinois rather than Indiana law. But like Indiana, "Illinois courts often find that privity exists when 'a person is so identified in interest with another that he represents the same legal right.'" *Harrison*, 533 F. App'x at 649 (quoting *Jackson v. Callan Publ'g, Inc.*, 826 N.E.2d 413, 428 (Ill. App. Ct. 2005)). As such, this precedent is persuasive here.

Still more, multiple other courts have found attorneys to be in privity with their clients when sued for actions taken on behalf of their clients. As already mentioned, the court in *Schroeder* concluded that an attorney and his former client were in privity due to their shared interest in showing service in the underlying suit was valid. In *Eckert v. Freeborn & Peters LLP*, the Northern District of Illinois found that an attorney and his client were in privity in part due to their agency relationship, and in part because they had a shared interest in showing that a settlement agreement at issue was valid and enforceable. 14 C 2871, 2015 WL 869530, at *3 (N.D. Ill. Feb. 26, 2015). In another Northern District of Illinois case, the court found that the attorneys who represented a bank in a breach of contract and debt collection action were, for purposes of res judicata, in privity with the bank when named by the same plaintiff in a separate lawsuit arising from the same alleged events. *Martin v. Akerson*, No. 08 C 3812, 2009 WL 2848897, at *4 (N.D. Ill. Aug. 31, 2009) ("The term 'privity' is not talismanic, but rather describes the relationship of individuals and entities whose identity of interests regarding a previously-litigated claim is sufficiently close to justify precluding relitigation. In their capacities as counsel, [the attorneys] exercised substantial control over Defendants' interest in the original litigation." (internal citation omitted)); *see also Speights-Carnegie v. Blackstone Condo. Ass'n*, No. 15 C 03781, 2018 WL 1519158, at *5 (N.D. Ill. Mar. 28, 2018) ("Even if Defendants had addressed the privity issue, PLG and Lucas were in privity with Blackstone, as the legal representatives of Blackstone in the previous suit, and cannot relitigate the issues decided against Blackstone."); *Zahran v. Frankenmuth Mut. Ins. Co.*, No. 94 C 4827, 1996 WL 182563, at *3 (N.D. Ill. April 15, 1996) ("Employees and attorneys of a defendant in a prior suit are in privity with the defendant for the purposes of res judicata.").

Similarly, the Seventh Circuit has found that a plaintiff's civil RICO claims against a bank, its employees, and its attorneys were precluded by state court foreclosure proceedings due to privity. *See Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986). As the Appellate Court held there, "[e]ven though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and *attorneys of the Bank*, are in privity with the Bank for purposes of res judicata." *Id.* at 1235 n.6 (emphasis added).

Finally, Birch|Rea contends, relying on *Collins v. Cook County*, No. 18 C 2665, 2019 WL 414664 (N.D. Ill. Feb. 1, 2019), that bringing a claim against a new defendant after being denied leave to amend to add the same defendant is not barred by claim splitting if the second suit is brought against a joint tortfeasor. (ECF 24 at 13-15). The Court in *Collins*, however, relied on the fact that the defendants in the two suits there were not in privity. *See* 2019 WL 414664, at *3 (citing *Manicki*, 443 F.3d at 926; *N. Assururance Co. of Am. v. Square D. Co.*, 201 F.3d 84 (2nd Cir. 2000)). In the two suits at issue, the plaintiff brought suit under 42 U.S.C. § 1983, claiming that multiple Cook County Deputy Sheriffs were deliberately indifferent to his medical needs while he was detained. *Id.* at *1-2. In particular, the court noted the defendants there did not share a common defense. *Id*. at 3 ("Each [defendant] is likely to argue (and some already have) that it is the other who was deliberately indifferent to plaintiff's medical needs."). Here, though, the Court has already found that Regent Bank and Defendants are in privity, and there is a possible common defense between them—namely, that probable cause to bring the Underlying Action existed.

Accordingly, *Telamon* is more persuasive in this instance than *Collins*. As such, Birch|Rea's argument—that the Court's denial of its motion to amend in the Bank Action does

11

not inhibit its ability to bring the present action—is unpersuasive. Just as was the case for the plaintiff in *Telamon*, "[Birch|Rea] cannot now circumvent the [C]ourt's ruling denying its motion for leave to amend in [the Bank Action] by filing the present lawsuit." 2016 WL 67297, at *3 (collecting cases). If Birch|Rea continues to disagree with denial of its motion for leave to amend in the Bank Action, it can raise the issue on appeal of that action. As the Northern District of Illinois has explained:

> When a party chooses to move for leave to amend its complaint and then not to appeal denial of that motion, the party is not entitled to a second opportunity in a later action to litigate the claim that the party sought to add. Instead, the party's recourse is to appeal, not to start a new action.

*Elmhurst Lincon-Mercury, Inc. Emps. 401(k) Profit Sharing Plan & Tr. v. Mears*, 215 F. Supp. 3d 659, 668 (N.D. Ill. 2016) (quoting *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45(1st Cir. 2012)).[7]

Still more, policy factors favor dismissing this case. As the Indiana Supreme Court has noted, "[p]ublic resources are wasted if more than one judge and more than one jury are employed to try claims for different damage elements arising out of the same event and asserted under the same theory of recovery." *Erie Ins. Co. v. George*, 681 N.E.2d 183, 190 (Ind. 1997); *see also Ridge Gold Standard Liquors*, 572 F. Supp. at 1213 ("The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are, if defendants' characterization proves true, devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants."). This would certainly be the case here, where if both the Bank Action and the present action were to proceed to trial, two juries could be empaneled to hear

---

[7] The Northern District of Illinois and First Circuit in *Elmhurst*, 215 F. Supp. 3d at 665, and *Hatch*, 699 F.3d at 45, respectively considered cases brought pursuant to federal question jurisdiction and therefore applied federal claim-splitting principals. Nevertheless, these cases are persuasive with respect to the issues here.

substantially the same facts arising from the same events, argued by a plaintiff seeking the same relief in each suit.  Further, it is hard to see how, if the Bank Action were to proceed to judgment and a finding that Regent Bank had probable cause to institute the Underlying Action, this Court would not "be bound by the judgment in that action."  *Thrasher*, 24 N.E.3d at 495.

Consequently, the Court concludes that this matter should be dismissed.  Because the doctrine of claim splitting alone provides grounds for dismissal, there is no need to address the parties' arguments regarding malice.  *See Elmhurst*, 215 F. Supp. 3d at 670 ("Because the rule against claim splitting alone justifies granting the motions to dismiss, the court need not and does not address Best's and Universal's additional arguments in support of dismissal.").

### D.  Conclusion

In conclusion, the claims alleged by Birch|Rea in both the Bank action and the current action constitute impermissible claim splitting.  Accordingly, Defendants' joint motion to dismiss (ECF 19) is GRANTED, and Birch|Rea's complaint (ECF 1) is DISMISSED.

SO ORDERED.

Entered this 11th day of May 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

13